UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WENDY WALKER, LINDA FULLER, MARY BOTTOMS, HEATHER ANDERSON, and all other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:08 CV 32 PPS |
| EAST ALLEN COUNTY SCHOOLS, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Class Certification. [DE 15]. Plaintiff alleges that East Allen County Schools violated Title VII's anti-discrimination provision when it stopped bargaining with four predominantly-female unions, while continuing to bargain with three predominantly-male unions. Plaintiffs have demonstrated that the proposed class, with some modification, meets the requirements of Federal Rule of Civil Procedure 23; therefore the Motion for Class Certification is granted.

## BACKGROUND

For at least fifteen years, the School's administration has voluntarily recognized seven unions as the exclusive bargaining representatives for seven bargaining units of employees -- the custodial workers, maintenance workers, bus drivers, secretaries, food service workers, nurses and paraprofessionals. (*Id.* ¶¶ 14-15.) Each union had entered into collective bargaining agreements with the School on behalf of the bargaining units which governed salaries, wages, hours and other working conditions. (*Id.* ¶ 16.) In August 2005, the School stopped recognizing four of these unions–the secretaries, food service workers, nurses and paraprofessionals. (*Id.* ¶ 17.) The

employees within these four bargaining units are predominantly female. (*Id.* ¶ 19.) Meanwhile, the School continues to bargain with the other three male-dominated unions representing the custodians, maintenance workers and bus drivers. (*Id.* ¶ 18, 24.)

On October 10, 2005, Wendy Walker (nurse), Linda Fuller (food service worker), Mary Bottoms (secretary), and Heather Anderson (paraprofessional) filed charges with the Equal Employment Opportunity Commission alleging that, by stopping recognition of their respective unions, the School discriminated against them on the basis of gender. (DE 1-2 at 1-8.) Linda Fuller, the representative from the food service union, has since retired from the School. (DE 16-3.) Plaintiffs were issued a right-to sue letter on November 17, 2007. (*Id.* at 17-20.) On January 24, 2008, Plaintiffs filed this lawsuit against the School alleging violations of Title VII. The sole demand for relief is an injunction commanding the School's administration to bargain with them.

## DISCUSSION

Plaintiffs seeks certification of the following proposed class:

> All School employees who were or will be members of the Secretaries Association, the Food Services Association, the Nurses Association, and the Paraprofessional Association from August 2005 until and for as long as the School recognizes and collectively bargains with the custodians, the maintenance workers, and the bus drivers.

The School argues that the proposed class representatives lack standing to represent the future employees and cannot adequately represent the interests of the proposed class.

**I.    Class Certification**

Motions for class certification must meet the requirements set under Rule 23 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 23. Rule 23 establishes two hurdles for class

2

certification. First, the action must satisfy all four elements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. Second, the proposed class must satisfy at least one of the three provisions of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs seek certification under Rule 23(b)(2), which requires them to demonstrate that the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate as to the entire class.

The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 are satisfied. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Failure to satisfy any one of the requirements of Rule 23(a) or (b) precludes class certification. *See Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980). The Court has broad discretion in ruling on a motion for class certification. *Retired Chicago Police Ass'n*, 7 F.3d at 596 (7th Cir. 1993).

For purposes of a motion to certify a class, the court does not reach the merits of the complaint. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."). However, the Seventh Circuit has instructed the district courts to make "whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

### A. Requirements Under Rule 23(a)

Rule 23(a)(1) – the numerosity prong – requires that the class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). While there is no magic

number, courts rely on common sense to determine whether a class size meets the numerosity requirement. *See Redmond v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290, 294 (N.D. Ill. 2008). In this case, the School admits that, as recently as 2006, the four derecognized unions had 97 dues-paying members. (Def. Mem. at 10.) Joinder of this many plaintiffs is obviously impracticable. The numerosity requirement is thus easily met.

The next issue is whether under Rule 23(a)(2) there are "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). If there a "common nucleus of operative facts" then this will ordinarily satisfy the commonality requirement of Rule 23(a)(2). *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Here the issues of fact and law are identical among the class members. The School acted the same towards all the proposed class members by refusing to bargain with their unions. Courts have consistently found that a common nucleus exists "where the class members' claims hinge on the same conduct of the defendant." *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 388 (N.D. Ill. 2006). Moreover, the case presents a single question of law across the entire class: whether the School's decision to stop bargaining with predominantly-female unions was animated by gender bias. Therefore, Plaintiffs have satisfied the requirements of Rule 23(a)(2).

The next issue concerns whether the claims of the class representative are typical of those of the class as a whole. *See* FED. R. CIV. P. 23(a)(3). The claim of a named plaintiff is typical of the class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). The typicality requirement is closely related to the commonality requirement under Rule 23(a)(2). *Rosario*, 963 F.2d at 1018. As demonstrated in

the previous section, both the Plaintiffs' and the proposed class members claims arise from the same event–the School's decision to derecognize their unions–and are based on the same legal theory under Title VII. Therefore, the typicality requirement is satisfied.

Finally, under Rule 23(a)(4), the adequacy of representation requirement mandates that both the class representative and counsel for the named plaintiff zealously represent and advocate on behalf of the class as a whole. FED. R. CIV. P. 23(a)(4); *see Retired Chicago Police Ass'n*, 7 F.3d at 598. As the class representative, a plaintiff must not have "antagonistic or conflicting claims with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Sebo v. Rubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999) (citation omitted). Counsel for the named plaintiffs must be competent, qualified, experienced and able to vigorously conduct the litigation. *Id.*

There are four named plaintiffs in this case, one from each of the four affected unions. Plaintiff Linda Fuller, who filed this action on behalf of the food services union, has since retired from the School. Since Fuller no longer has a vested interest in the outcome of this case, she cannot be an adequate representative of the class. But Fuller's loss of standing does not destroy class certification because each of the other named plaintiffs is adequate to represent the entire class. Plaintiffs base their gender discrimination claim on the fact that the School stopped bargaining with *all* four predominantly-female unions. The food service employees' claims are thus dependant on the claims of the secretaries, nurses and paraprofessionals. Accordingly, any member of any of the four affected unions has a sufficient stake in a favorable outcome for all of the class members.

The School also points out that a majority of the employees in the four affected bargaining

units are not dues-paying members of their unions. It therefore argues that the named representatives do not represent the interests of the prospective class. Plaintiffs claim the contrary is true – that the unions have majority support of their constituencies whether or not they are actively paying dues. Plaintiffs note that, during the fifteen or so years that the School bargained with the four unions, the unions represented the interests of both dues-paying members and "free riders" alike. Notwithstanding this point of contention, Plaintiffs seek class certification only on behalf of *members* of the unions. It is indisputable that the Plaintiffs may adequately represent union members.

The School nonetheless contends that the injunctive relief sought by Plaintiffs will impact union members and non-members alike. It argues that forcing union representation on non-union members where majority support is lacking violates fundamental principals of labor law. Whether or not the putative class members are entitled to the proposed injunctive relief is an issue to be decided on the merits, not at the class certification stage. Moreover, if the School wishes to argue that it stopped bargaining with these unions because a majority of the employees did not support the union (as opposed to any gender-based animus), then this is an argument that should be litigated on the merits. For purposes of class certification, I find that Walker, Bottoms and Anderson are adequate to represent the proposed class.

I also find that counsel for the named plaintiff in this case are experienced in handling both complex litigation and employment discrimination litigation. (*See* Pls.' Mot., Exs. E, F.) Thus, subject to the removal of Fuller as a named plaintiff, the adequacy of representation requirement under Rule 23(a)(4) has been met.

### B. Requirements of Federal Rule of Civil Procedure 23(b)(2)

In addition to meeting class certification requirements under Rule 23(a), Plaintiff's proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). Here, Plaintiff proposes that certification is appropriate under Rule 23(b)(2). Certification under Rule 23(b)(2) is appropriate if the moving party can demonstrate that the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate as to the entire class. "Generally, Rule 23(b)(2) has been interpreted to mean that the party opposing the class must have acted in a consistent manner toward members of the class so that [its] actions may be viewed as part of a pattern of activity." *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 672 (C.D.Ill. 1996).

As discussed above, the School acted consistently towards the proposed class members by refusing to bargain with their unions. The injunctive relief sought – an order compelling the School to bargain with the four predominantly-female unions so long as it continues to bargain with the three predominantly-male unions – would necessarily apply to the entire class. Therefore, Rule 23(b)(2) is readily met.

## II. Class Definition

Although the proposed class definition satisfies the Rule 23 criteria, it nonetheless requires some tweaking. Under Rule 23, the Court has the authority to alter certification if necessary. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (citation omitted). In this case, Plaintiffs' proposed class definition includes "School employees who were or will be members" of the four affected unions. This definition is flawed for two reasons. First, School employees who "were" members of one of the four unions, but (like

Fuller) are no longer employed by the School, do not have a stake in this litigation. Second, the School objects to certification of future employees who "will" be members of one of the Unions. As both parties acknowledge, there is a split of authority over whether and when it is appropriate to certify a class that includes future members of the class. In this case, it is unnecessary to include future employees in the class definition. The proposed injunctive relief, if granted, will inure to the benefit of future School employees whether or not they are included in the class definition. Therefore, I find that the proposed class should be redefined to "School employees who *are* members" of the four affected unions.

### III. CONCLUSION

Accordingly, because the Court finds that the proposed class meets the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2), Plaintiff's Motion for Class Certification [DE 15] is hereby **GRANTED**.

The class is defined as follows:

All School employees who are be members of the Secretaries Association, the Food Services Association, the Nurses Association, and the Paraprofessional Association until and for as long as the School recognizes and collectively bargains with the custodians, the maintenance workers, and the bus drivers.

**SO ORDERED.**

ENTERED: September 19, 2008

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT